UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

        -against-

PRECINCT 5; NEW YORK FBI; VALERIE
MARTINEZ; CHRISTIAN MACHO
BONILLA,

                Defendants.

1:18-CV-12037 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings a criminal complaint in which he names "Precinct 5,"

"New York FBI," Valerie Martinez, and Christian Macho Bonilla as defendants. By order dated

August 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted,

emphasis in original).

**BACKGROUND**

Plaintiff, using a criminal complaint form, makes many allegations, and seems to seek the criminal prosecution of at least some of the defendants. He alleges that he has been "gang stalked or mobbed by different individuals from my old neighborhood and my present neighborhood in Harlem for several years maybe longer than 2009 I believe, apparently I had some form of witchcraft on me, that allowed them to see whatever I was doing along the way." (ECF 1, p. 2.) Plaintiff alleges that he reported these individuals to the New York City Police Department and to the Federal Bureau of Investigation, but those agencies took no action. Plaintiff alleges no facts about Defendant Martinez or Defendant Bonilla.

**DISCUSSION**

**A.      Private prosecution**

The Court must dismiss any claims in which Plaintiff seeks to have any of the defendants, or anyone else, criminally prosecuted. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which he seeks to have the defendants, or anyone else, criminally prosecuted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Duty to enforce laws**

The Court construes Plaintiff's allegations as also asserting claims that the defendants have violated Plaintiff's federal constitutional rights by failing to enforce laws or by failing to

give Plaintiff affirmative government aid. The Court must dismiss these claims because there is no federal constitutional duty on the part of government officials to enforce laws or to give affirmative aid. *See* § 1915(e)(2)(B)(ii); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *Abdul-Hakeem v. Koehler*, No. 89-CV-3142, 1989 WL 85173, at *3 (S.D.N.Y. July 21, 1989).

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**D.      Plaintiff's litigation history**

The Court notes that after Plaintiff filed the complaint commencing this action, the Court, in another action brought by Plaintiff, barred Plaintiff from filing any new civil action in this Court *in forma pauperis* without first obtaining permission of the Court. *See Genao v. Saint Pauls Church*, No. 1:19-CV-2704, 6 (S.D.N.Y. June 5, 2019). The Court reminds Plaintiff that that filing bar remains in effect.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   August 30, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge